UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCEL BRADLEY-ZAYAS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>DENISE ROBINSON et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:22-cv-05307-DGE<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT PRO BONO COUNSEL (DKT. NOS. 10, 13) |

This matter comes before the Court on Plaintiff's motions to appoint pro bono counsel (Dkt. Nos. 10, 13).

### I　　FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Marcel Bradley-Zayas, proceeding pro se and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Denise Robinson, Karen Richholt, and Katherine Diesch in their individual capacities. (Dkt. No. 9.) All three defendants are alleged to have been employed by the Washington State Department of Children, Youth &

ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT PRO BONO COUNSEL (DKT. NOS. 10, 13) - 1

Families ("DCYF") during the period at issue in the Complaint. (*Id.* at 2.) Plaintiff alleges that the Defendants violated his Fourth and Fourteenth Amendment rights to be free from unlawful searches and seizures and his constitutional rights to familial association and privacy. (*Id.* at 4.) On September 7, 2022, this Court granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 8.)

## II    DISCUSSION

Plaintiff alleges that he has sought legal assistance in this matter but has been unable to retain an attorney. (Dkt. No. 10.) Additionally, Plaintiff alleges that he suffers from mental health impairments and asks this Court to appoint pro bono counsel. (*Id.*)

The Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but an appointment of counsel should only be granted under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, a court must assess "the likelihood of the plaintiff's success on the merits and . . . [evaluate] the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff alleges that he suffers from a mental health impairment (Dkt. No. 10) but does not detail whether his impairment may limit his ability to articulate his claims. (*Id.*) The Court notes that Plaintiff has thus far been able to successfully file multiple documents, including an amended complaint, which detail the factual and legal basis of his claims. (*See, e.g.*, Dkt. No. 9.) These claims, which relate to Plaintiff's involuntary separation from his mother, do not appear particularly complex based upon the record before the Court. At this preliminary stage, the Court is unable to properly assess Plaintiff's likelihood of success on the merits. The Court thus

finds that, at this time, Plaintiff has not met his burden to demonstrate that exceptional circumstances exist sufficient to merit the appointment of counsel.

### III    CONCLUSION

For the foregoing reasons, Plaintiff's motions for appointment of counsel (Dkt. Nos. 10, 13) are DENIED without prejudice.

Dated this 19th day of October, 2022.

David G. Estudillo
United States District Judge

ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT PRO BONO COUNSEL (DKT. NOS. 10, 13) - 3